MOTION TO DISMISS
KNOLL, Judge.
The plaintiff-appellee, Shelton Dubois, moves to dismiss the suspensive appeal of the defendant-appellant, State of Louisiana, on the grounds that the trial court granted an extension of the return date in excess of that permitted under LSA-C.C.P. Article 2125. We deny the motion.
A final judgment was signed on November 8, 1983. On December 8, 1983, the State of Louisiana timely moved for and was granted a suspensive appeal returnable to this court on February 8, 1984.
On February 8, 1984, the clerk requested from the trial court a 60 day extension of the return day of February 8, 1984, and on the same day the trial court granted the request, extending the return date to April 8, 1984. The reason for the extension given by the clerk is as follows:
“Have not received transcript from court reporter. (Two months extension requested due to her appellate workload).”
The record was filed with this court on April 11, 1984.
On April 24, 1984, Dubois filed a motion to dismiss the appeal of the State of Louisiana on the grounds that the extension of the return day was in excess of thirty (30) days as expressed in LSA-C.C.P. Article 2125, which warrants dismissal of the appeal. We disagree.
Louisiana Code of Civil Procedure Article 2125 provides:
“The return day of the appeal shall be sixty days from the date the appeal is granted, unless the trial judge fixed a lesser period. The trial court may grant only one extension of the return day and such extension shall not be more than thirty days. A copy of the extension shall be filed with the appellate court. Subsequent extensions of the return day *784 may be granted by the appellate court for sufficient cause.”
Under the above codal provision, the trial court can only extend the return date an additional thirty (30) days. Even so, the appeal should not be dismissed, as the error was that of the clerk and/or trial judge, and an appeal “shall not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant.” Mire v. Chevron Oil Co., 351 So.2d 871 (La.App. 3rd Cir.1977).
For the reasons assigned the motion of the plaintiff-appellee, Shelton Dubois, to dismiss the appeal of the defendant-appellant, State of Louisiana, is hereby denied.
MOTION DENIED.